UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 2:12-CR-391-2 |
| § | |
| RENE OLIVAREZ § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Movant Rene Olivarez's ("Movant") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 103).[1] The United States of America (the "Government") filed a motion to dismiss (D.E. 105), to which Movant filed an untimely response (D.E. 123).

**I. Background**

On September 6, 2012, Movant pled guilty to conspiring to possess with intent to distribute approximately 2.92 kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B). D.E. 93. The Probation Department thereafter prepared Movant's Presentence Investigation Report (PSR), which calculated his offense level and criminal history points. D.E. 70.

The base offense level for a violation of 21 U.S.C. §§ 846 and 841(a)(1) is determined by the type and quantity of the controlled substance attributable to the defendant. Movant was held responsible for 1.00 kilogram of cocaine, rendering a preliminary base offense level of 26. PSR ¶ 14. However, his PSR revealed a long criminal history, including two prior drug trafficking offenses—a 2003 felony conviction

---

[1]. All citations to the docket sheet refer to Criminal Case No. 2:12-391-2.

in Michigan for delivery/manufacturing marijuana and conspiracy to delivery/manufacture marijuana, and a 2010 felony conviction in Tennessee for possession with intent to distribute marijuana. PSR ¶¶ 30, 33. As a result, Movant was deemed a career offender under USSG § 4b1.1, which raised his offense level to 34. PSR ¶ 21. After subtracting three levels for acceptance of responsibility, Movant's total offense level was 31. PSR ¶ 23. Movant's offense level, combined with a mandatory criminal history category of VI based on his career offender status, yielded a guideline range of 188 to 235 months. PSR ¶¶ 36, 54.

The Court ultimately sentenced Movant to 188 months in the custody of the Bureau of Prisons, 5 years supervised release, and a $100 special assessment. D.E. 79. Judgment was entered on January 8, 2013, and became final when the United States Court of Appeals for the Fifth Circuit dismissed Movant's appeal on November 29, 2013. *See* D.E. 101 (USCA No. 13-40057).

Movant filed the instant § 2255 motion on or about May 8, 2014.[2] It is timely.

## II. Movant's Claims

Movant complains that trial counsel rendered ineffective assistance because he: (1) failed to object to the use of Movant's 2010 Tennessee drug trafficking conviction as a predicate offense in determining his status as a career offender, and (2) failed to object to the application of three points for Movant's 2010 Tennessee drug trafficking conviction

---

[2]. Movant's motion is dated May 8, 2014. D.E. 103, p.10. Under the "mailbox rule," the date of filing for pro se prisoners is set to the date the inmate places the legal paper in the hands of prison officials for mailing. *Spotville v. Cain,* 149 F.3d 374, 376–78 (5th Cir. 1998).

and two points for committing the instant offense while on parole in the 2010 Tennessee case in computing his criminal history score.

### III. Legal Standards

#### A. Grounds for Filing a § 2255 Motion

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

#### B. Statute of Limitations

A motion made under 28 U.S.C. § 2255 is subject to a one-year statute of limitations, which begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### C. Ineffective Assistance of Counsel

Generally, an ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. *Id.* This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001). If the movant fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

## III.  Analysis

### A. Ground 1: Failure to Investigate and Object to Movant's 2010 Tennessee Drug Trafficking Conviction

Movant claims that counsel was constitutionally ineffective for failing to investigate and object to the use of his 2010 Tennessee conviction for possession with

4 / 10

intent to distribute marijuana as a predicate offense in determining his status as a career offender.

A defendant is a "career offender" if: (1) he was at least 18 years old at the time he committed the offense of conviction; (2) the offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a).

Movant does not dispute that the offense in this case was a controlled substance offense or that he was at least 18 when he committed the offense. He also does not dispute that his 2003 Michigan conviction for delivery/manufacturing marijuana and conspiracy to delivery/manufacture marijuana are prior felony controlled substance offenses under U.S.S.G. § 4B1.1(a). Instead, Movant argues that his 2010 Tennessee conviction does not meet the requirements of U.S.S.G. § 4B1.1(a) because "he received a suspended sentence which was initially suspended, and was placed in a workhouse, [and] there w[as] no remaining portion of that sentence that exceeded one year and one month." D.E. 103, p.5.

Nothing in the record indicates that Movant's sentence in his 2010 Tennessee case was suspended. Instead, the Tennessee judgment reflects that he was sentenced to three years in a workhouse, as opposed to the Tennessee Department of Corrections or a county jail. D.E. 103, Ex. A. Under Tennessee law, "[i]n all cases where any person is convicted of a felony, and sentenced to six (6) years or less, the court, in its discretion, may order the person confined in the county workhouse for the term of the sentence."

TENN. CODE ANN. § 40–23–104(a). However, a workhouse is still a place of imprisonment, from which escape is a crime. TENN. CODE ANN. § 40–23–101(c) (providing instructions to the trial court for when "the defendant is committed to jail, the workhouse or the state penitentiary *for imprisonment* . . . ." (emphasis added)); *see also United States v. Harris*, 165 F.3d 1062, 1067–68 (6th Cir. 1999) (holding that escape from a workhouse under Tennessee law is a crime of violence).

In his reply brief, Movant argues that his confinement to the workhouse should not be considered a "term of imprisonment" because he was "allowed to leave and accept private employment" and did not require "24 hours a day physical confinement." D.E. 123, p. 2 (citing *United States v. Brooks*, 166 F.3d 723 (5th Cir. 1999)). Like Movant, the defendant in *Brooks* argued that "his time in boot camp was merely a precondition of his term of probation and should not be considered a term of imprisonment . . . ." *Brooks*, 166 F.3d at 726. In rejecting this claim, the *Brooks* court recognized that "the commentary to U.S.S.G. § 4A1.1 . . . expressly distinguish[es] types of sentences not requiring twenty-four hours a day physical confinement, such as 'probation, fines, and residency in a halfway house.'" *Id.* at 727. Then, likening boot camp to work release, the court held that boot camp is properly a term of imprisonment under the Sentencing Guidelines. *Id.* (citing *United States v. Valdez–Valdez*, 143 F.3d 196, 202 n.41 (5th Cir. 1998) (noting that while defendant "did not argue that his work release was not a 'sentence of imprisonment' under the Guidelines[,] [s]uch an argument would likely fail as well."); *United States v. Ruffin,* 40 F.3d 1296, 1299 (D.C. Cir. 1994) (defendant's sentence of one-year work release, in which he was imprisoned on weekends and daily

from 6:00 P.M. to 6:00 A.M., was a "sentence of imprisonment"); *United States v. Schomburg,* 929 F.2d 505, 507 (9th Cir. 1991) (finding that defendant's sentence of one-year weekend work project was a "sentence of imprisonment")). The court's reliance on cases involving work release invalidates Movant's claim that only sentences to 24-hour-a-day confinement constitute imprisonment under the Sentencing Guidelines.

The Court finds no merit to Movant's claim that confinement to the workhouse was not a sentence of imprisonment under the Sentencing Guidelines. As such, trial counsel was not constitutionally ineffective for failing to investigate and object to the use of Movant's 2010 Tennessee drug trafficking conviction as a predicate offense in determining his status as a career offender.

**B. Ground 2: Failure to Object to Additional Criminal History Points**

Movant next claims that trial counsel was constitutionally ineffective for failing to object to the application of three criminal history points under U.S.S.G. § 4A1.1(a) for his 2010 Tennessee conviction for possession with intent to distribute marijuana because a "sentence of imprisonment was never imposed[.]" D.E. 103, pp. 6–7. Movant repeats his claim that his three-year sentence in the 2010 Tennessee case was suspended before he was sentenced to the workhouse and that his confinement to the workhouse was not a term of imprisonment under the Sentencing Guidelines. As set forth above, this claim is without merit.

Movant further argues that trial counsel was constitutionally ineffective for failing to object to the two additional points for committing the instant offense while on parole in the 2010 Tennessee case in computing Movant's criminal history score. The

Sentencing Guidelines instruct the Court to "add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d). The indictment shows that Movant committed the instant offense on January 24, 2012. D.E. 22. The PSR reports that Movant was paroled in his Tennessee case on January 18, 2011, and his sentence expired on June 23, 2012. PSR ¶¶ 33, 35. Thus, the record shows Movant committed the instant offense before his sentence imposed in the Tennessee case expired and while he was still on parole.

In support of his claim that he was not on parole at the time of the instant offense, Movant offers the National Crime Information Center (NCIC) report that Probation used to prepare his PSR. D.E. 103, Ex. B. The undated NCIC report indicates that Pretrial Services, Western District of Tennessee—Memphis Division reported there was no record that Movant was "currently on supervision" at the time the report was generated. *Id.*, p.2. However, as the Government explains, that report would not have been generated until after Movant plead guilty and the Court ordered a PSR on September 6, 2012, nearly a year and a half after the instant offense. As such, the NCIC report does not support Movant's claim that he was not on parole at the time of the instant offense.

Finally, the Court notes that because Movant is a career offender and his criminal history category "shall be VI," the addition of the five criminal history points about which Movant complains did not increase his total criminal history score. *See* U.S.S.G. § 4B1.1(b).

For the foregoing reasons, the Court finds that trial counsel did not render ineffective assistance when he failed to object to the application of three points for Movant's 2010 Tennessee drug trafficking conviction and two points for committing the instant offense while on parole in the 2010 Tennessee case in computing Movant's criminal history score.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Although Movant has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a certificate of appealability (COA). *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

Based on the above standards, the Court concludes that Movant is not entitled to a COA—that is, reasonable jurists could not debate the Court's resolution of his claims.

## V. Conclusion

For the foregoing reasons, the Government's motion to dismiss (D.E. 105) is **GRANTED**, and Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 103) is **DENIED**. Additionally, Movant is **DENIED** a Certificate of Appealability.

ORDERED this 5th day of May, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE