United States District Court
Southern District of Texas

**ENTERED**

May 26, 2022

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **CRIMINAL NO. 2:12-391-2** |
| | § | |
| **RENE OLIVAREZ,** | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Rene Olivarez's Renewed Motion for Compassionate Release or Modification in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). D.E. 160. For the reasons stated below, the motion is **DENIED**.

## I. BACKGROUND

In 2012, Defendant pled guilty to conspiracy to possess with intent to distribute more than 500 grams of cocaine. The Presentence Investigation Report (PSR, D.E. 70) detailed a long criminal history, including two prior drug trafficking offenses—a 2003 felony conviction in Michigan for delivery/manufacturing marijuana and conspiracy to deliver/manufacture marijuana and a 2010 felony conviction in Tennessee for possession with intent to distribute marijuana. As a result, Defendant was found to be a career offender under U.S.S.G. § 4B1.1. He has served 116 months (62%) of his 188-month sentence and has a projected release date, after good time credit, of June 26, 2025.

Defendant previously moved the Court to reduce his sentence to time served because his underlying medical condition (hepatitis C infection) made him particularly

1

vulnerable to severe illness or death should he contract COVID-19 in prison. The Court denied the motion on the grounds that: (1) the Centers for Disease Control (CDC) had not identified latent hepatitis C infection as a medical condition that increases or even might increase the likelihood of severe illness or death from COVID-19; (2) even if it had, any risk to Defendant's health was outweighed by the risk to the safety of the community if he was released; and (3) the 18 U.S.C. § 3553(a) factors, as considered in the specific context of the facts of his case, did not warrant a sentence reduction. D.E. 149, pp. 6–7.

On appeal, Defendant argued that the Court failed to address or acknowledge evidence that his latent hepatitis C infection made him particularly vulnerable to COVID-19 and that his efforts at rehabilitation while in prison warranted early release under the § 3553(a) sentencing factors. In affirming this Court's decision, the Fifth Circuit Court of Appeals found that: (1) Defendant had not shown the Court clearly erred when it determined his medical condition was not extraordinary and compelling; and (2) his disagreement with how the Court balanced the § 3553(a) factors was insufficient to establish an abuse of discretion. *United States v. Olivarez*, 856 F. App'x 539, 540 (5th Cir. 2021).

In his current motion, Defendant moves the Court to reduce his sentence to time served based on: (1) his increased risk of severe illness or death from COVID-19 due to his underlying health conditions; (2) his invalid career offender designation and resulting unwarranted sentence disparity;[1] (3) the amount of time he has already served; (4) the fact

---

1. In a May 5, 2015 Memorandum Opinion & Order denying Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, this Court considered and rejected a similar claim by Defendant that his 2010

2

that the harsh conditions of confinement have increased the severity of his sentence; and

(5) his extraordinary postconviction rehabilitation.

## II. LEGAL STANDARD

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's

sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), *after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—*
> *(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The Fifth Circuit previously considered U.S.S.G. § 1B1.13 an applicable policy

statement when a prisoner, rather than the Bureau of Prisons (BOP), moved for relief under

§ 3582(c)(1)(A)(i). *United States v. Coats*, 853 F. App'x 941, 942 (5th Cir. 2021). In

*Shkambi*, however, the Fifth Circuit "joined [its] sister circuits in holding that § 1B1.13

does not actually apply to § 3582(c)(1)(A)(i) motions brought by the inmate." *Id.* (citing

---

Tennessee drug trafficking conviction should not qualify as a predicate offense in determining his status as a career offender. *See* D.E. 124.

*United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021) ("Neither the [U.S. Sentencing Commission's compassionate-release] policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582.")). Although "not dispositive," the commentary to U.S.S.G. § 1B1.13 nonetheless "informs [the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing *United States v. Rivas*, 833 Fed. App'x 556, 556 (5th Cir. 2020)).[2]

Even if "extraordinary and compelling reasons" for early release exist, the Sentencing Guidelines' policy statements provide for a reduction in sentence only if a

---

2. **(A) Medical Condition of the Defendant.** –

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

        (I) suffering from a serious physical or medical condition,

        (II) suffering from a serious functional or cognitive impairment, or

        (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(B) Age of the Defendant.** –

The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

**(C) Family Circumstances.** –

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D) Other Reasons.** –

As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

"If the district court makes those two findings"—both that extraordinary and compelling reasons warrant a sentence reduction *and* that a reduction is consistent with the applicable Guidelines' policy statements—"then the court 'may' reduce the defendant's sentence 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Ward v. United States*, 11 F.4th 354, 359–60 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The applicable § 3553(a) factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the need to avoid unwarranted sentencing disparities among similarly-situated defendants; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7). "The district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." *Ward*, 11 F.4th at 360.

5

"[T]he burden falls on the defendant to convince the district judge to exercise discretion to grant the motion for compassionate release . . . ." *Id.* at 361 (internal quotations and alterations omitted); *see also United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019) ("In general, the defendant has the burden to show circumstances meeting the test for compassionate release.").

With respect to motions for compassionate release based on COVID-19:

> A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak. . . . [T]he rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person.

*United States v. Koons*, 2020 WL 1940570, at *4 & n.8 (W.D. La. Apr. 21, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

> To be sure, courts around the country, in some exceptional cases, have granted compassionate release where the defendant has demonstrated an increased risk of serious illness if he or she were to contract COVID. . . . But that is certainly not a unanimous approach to every high-risk inmate with preexisting conditions seeking compassionate release.
>
> The courts that granted compassionate release on those bases largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns. . . . Fear of COVID doesn't automatically entitle a prisoner to release.

*Thompson*, 984 F.3d at 434–35 (collecting cases) (footnotes and citations omitted).

## III. ANALYSIS

### A. COVID-19 Claims

Defendant's current motion re-urges his claim that his latent hepatitis C infection makes him particularly vulnerable to COVID-19, despite being fully vaccinated against the disease. He also claims to have a long history of smoking and substance abuse.

Contrary to Defendant's motion, the CDC has not listed latent hepatitis C or prior substance abuse disorder as conditions that increase the likelihood of severe illness from COVID-19. *See People with Certain Medical Conditions*, CDC (Feb. 25, 2022), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. Moreover, "Now that COVID-19 vaccinations are being administered throughout the Bureau of Prisons, compassionate release motions generally lack merit." *United States v. Reed*, 2021 WL 2681498, at *4 (E.D. Pa. June 30, 2021). Courts in this district have repeatedly denied compassionate release to inmates who have been vaccinated against COVID-19, "finding that 'vaccination significantly reduces [the] risk of contracting COVID-19 or experiencing complications related to a COVID-19 infection.'" *United States v. Rodriguez*, 2021 WL 2635381, at *4 (S.D. Tex. June 25, 2021) (quoting *United States v. Beltran*, 2021 WL 398491, at *3 (S.D. Tex. Feb. 1, 2021) (denying compassionate release to inmate with underlying health conditions who had received first vaccine dose)) (citing *United States v. Schad*, 2021 WL 1845548, at *3 (S.D. Tex. May 5, 2021) (denying compassionate release to 32-year-old inmate with aortic valve transplant and history of cerebrovascular disease who received both doses of the vaccine); then citing *United States v. Fisch*, 2021 WL 1537274, at *1 (S.D. Tex. Apr. 19, 2021)

7

(denying compassionate release to high-risk inmate who was offered and refused the vaccine); then citing *United States v. Wedding*, 2:19-CR-1693 (S.D. Tex. Apr. 8, 2021) (denying compassionate release to inmate who developed asymptomatic COVID-19 infection three weeks after receiving second vaccine)). Because Defendant is "at little-to-no risk of severe COVID-19 [] after receiving his second [vaccine] dose, there are no 'extraordinary and compelling reasons' justifying a compassionate release in this case." *See United States v. Groom*, 2021 WL 1220225, at *2 (S.D. Ohio Apr. 1, 2021).[3]

## B. Non-COVID Claims

Defendant further argues that his invalid career offender designation and resulting unwarranted sentence disparity; the amount of time he has already served; the fact that the harsh conditions of confinement have increased the severity of his sentence; and his extraordinary postconviction rehabilitation, including being of service to FCI Butner through the pandemic, all constitute extraordinary and compelling reasons warranting compassionate release.

---

3. Decisions across the country overwhelmingly agree that the risk posed by COVID-19 to a vaccinated inmate is not an extraordinary and compelling reason for release. *See, e.g., United States v. Burks*, 2021 WL 1394857, at *3-4 (W.D.N.C. Apr. 13, 2021); *United States v. Gomez-Vega*, 2021 WL 1339394, at *3 (D.N.M. Apr. 9, 2021); *United States v. Burks*, 2021 WL 1291935, at *2 (D. Minn. Apr. 7, 2021); *United States v. Jones*, 2021 WL 1172537, at *2 (E.D. La. Mar. 29, 2021); *United States v. Miller*, 2021 WL 1115863, at *2 (E.D. Mich. Mar. 24, 2021); 2021 WL 1110593, at *1 (W.D. Pa. Mar. 23, 2021); *United States v. Decano*, 2021 WL 1095979, at *6 (D. Haw. Mar. 22, 2021); *United States v. Williams*, 2021 WL 1087692, at *3 (D. Minn. Mar. 22, 2021); *United States v. Gabbard*, 2021 WL 1037724, at *3 (E.D. Mich. Mar. 18, 2021); *United States v. Kosic*, 2021 WL 1026498, at *2 (S.D.N.Y. Mar. 17, 2021); *United States v. Stewart*, 2021 WL 1011041, at *1 (D. Haw. Mar. 16, 2021); *United States v. Godoy-Machuca*, 2021 WL 961780, at *2 (D. Ariz. Mar. 15, 2021); *United States v. Williams*, 2021 WL 966028, at *3 (W.D.N.C. Mar. 15, 2021); *United States v. Roper*, 2021 WL 963583, at *4 (E.D. Pa. Mar. 15, 2021); *United States v. Cardoza*, 2021 WL 932017, at *1 (D. Or. Mar. 11, 2021); *United States v. Poupart*, 2021 WL 917067, at *1 (D. Conn. Mar. 10, 2021); *United States v. Johnson*, 2021 WL 863754, at *2 (W.D. Ky. Mar. 8, 2021); *United States v. Shepard*, 2021 WL 848720, at *5 (D.D.C. Mar. 4, 2021); *United States v. Lipscomb*, 2021 WL 734519, at *2 (M.D. Fla. Feb. 25, 2021); *United States v. Cortez*, 2021 WL 689923 (D. Ariz. Feb. 23, 2021); *United States v. Wakefield*, 2021 WL 640690, at *3 (W.D.N.C. Feb. 18, 2021); *United States v. Grummer*, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021); *United States v. Ballenger*, 2021 WL 308814, at *4 (W.D. Wash. Jan. 29, 2021).

"Courts in the Southern District of Texas have ruled that defendants who move for compassionate release still need to initially petition the BOP and, subsequently, fully exhaust their administrative rights to appeal or wait for 30 days to lapse from such a petition in order to bring a motion pursuant to 18 U.S.C. § 3582(c)(1)(A)." *United States v. Gomez*, 2020 WL 2061537, at *1 (S.D. Tex. Apr. 29, 2020) (citing *United States v. Licciardello*, 2020 WL 1942787 (S.D. Tex. Apr. 22, 2020); *United States v. Orellana*, 2020 WL 1853797, at *1 (S.D. Tex. Apr. 10, 2020)). The record shows that Defendant has only petitioned the BOP for a sentence reduction "under debilitated medical condition criteria." *See* D.E. 142-2, p. 2. Because Defendant has not demonstrated that he has complied with the exhaustion requirements under § 3582 regarding his claims unrelated to his medical condition, these claims are not ripe for review, and the Court is without jurisdiction to grant a sentence reduction on these grounds.

**C. Sentencing Guidelines Policy Statements and 18 U.S.C. § 3553(a) Factors**

In denying Defendant's prior motion for compassionate release, the Court found that any risk to Defendant's health from COVID-19 was outweighed by the risk to the safety of the community if he was released, explaining:

> Defendant was sentenced as a career offender based on his prior felony convictions for delivery/manufacturing marijuana, conspiracy to deliver/manufacture marijuana, and possession with intent to distribute marijuana. His scored criminal history also included convictions for possession of a controlled substance and driving while intoxicated (two convictions), and his unscored criminal history included convictions for driving while intoxicated, unauthorized use of a motor vehicle, felony possession of cocaine, and cannabis trafficking. At the time the instant offense was committed, Defendant was on parole in Tennessee. He also faced charges for assaulting his girlfriend

9

> in 2012 by pushing her to the ground, dragging her by the hand, and slapping her in the face. In 2009, the same girlfriend reported to police that Defendant sprayed her in the face with pepper spray, placed a kitchen knife to her throat, and told her she was not going to leave their residence alive.
>
> The Court further finds that the § 3553(a) factors, as considered in the specific context of the facts of Defendant's case, do not warrant a reduction in his sentence. Specifically, releasing Defendant after he has served only half of his sentence would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from further crimes.

D.E. 149, pp. 6–7.

Defendant's current motion argues that he has demonstrated extraordinary post-conviction rehabilitation and maintained excellent conduct while incarcerated. He states that he has completed his GED, a vocational trade course in logistics, and an HVAC course, and that he has played an integral role in maintaining food serve at FCI Butner during the pandemic. He maintains that, now age 55, he has a much lower risk of recidivism and is not a community safety risk.

Defendant has offered no evidence, besides his own conclusory statement, to refute the Court's prior finding that he is a community safety risk and has again failed to meet his burden to convince the Court to "exercise discretion to grant the motion for compassionate release after considering the Section 3553(a) factors." *See Ward*, 11 F.4th at 361. The Court further finds that, based on the nature and circumstances of the offenses of conviction, the weight of the evidence, and the danger to the community that would be posed by

Defendant's early release, a sentence reduction would not be consistent with the applicable

Sentencing Guidelines' policy statements. *See* 18 U.S.C. § 3142(g); U.S.S.G. § 1B1.13(2).

## IV. CONCLUSION

For the reasons set forth above, as well as in the Court's prior decision denying

compassionate release (D.E. 149), which is incorporated by reference as if fully set forth

herein, the Court finds that extraordinary and compelling reasons do not warrant a sentence

reduction and that a reduction would be inconsistent with § 3553(a) and the applicable

policy statements issued by the Sentencing Commission. Accordingly, Defendant's

Renewed Motion for Compassionate Release or Modification in Sentence Pursuant to 18

U.S.C. § 3582(c)(1)(A) (D.E. 160) is **DENIED**.

**ORDERED** on _____5|26|22_____.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE